# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 18-8918-FMO (PJW) | Date | November 26, 2018 |
|---|---|---|---|
| Title | *Albert Atlas v. Debbie Asuncion, et al.* | | |

| Present: The Honorable | Patrick J. Walsh, U.S. Magistrate Judge | |
|---|---|---|
| Isabel Martinez | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   Screening of First Amended Complaint ( Doc. No. 3.)

    Before the Court is a civil rights complaint filed by Plaintiff against California State Prison-Los Angeles County ("CSP-LAC") Warden Debbie Asuncion, and Correctional Officers Hernandez, Martines Flires, Junes, and Silva, alleging that Defendant officers searched his cell and intentionally destroyed his television and legal property in violation of his due process rights. (First Amended Complaint ("FAC") at 3.) Plaintiff alleges that he has a learning disability and mental impairment and that Defendants violated his equal protection rights and Title II of the American with Disabilities Act when they intentionally trashed his cell. (FAC at 4.) He also alleges that Warden Asuncion allowed Defendants to conceal their wrongdoings. (FAC at 5.) He seeks injunctive and monetary relief. (FAC at 7.)

    The Court is required to screen *pro se* complaints brought by prisoners and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(a)-(b)(1). In determining whether Plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the First Amended Complaint and views all inferences in a light most favorable to him. *See Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiff is proceeding *pro se*, the Court construes the First Amended Complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

    Plaintiff alleges that, on May 28, 2018, he was in the dayroom when another prisoner came up to him and told him that three correctional officers were in his cell because smoke was coming out of the vent in his cell. According to Plaintiff, he went over to his cell and witnessed Defendant officers laughing. Plaintiff was told by the tower officer to move away from his cell. After the three officers left his cell Plaintiff went back to his cell and found that the officers trashed his cell and destroyed his legal property, typewriter, and television. (FAC at 2-3.)

    Assuming that Plaintiff has accurately described what happened and Defendants seized his property during the search, he cannot sue them under § 1983. First, prison guards are allowed to search a prisoner's property, at any time for any reason, provided the reason is not an unconstitutional one, i.e., because he is a member of a particular race. Second, a state's seizure of property does not violate the

federal Constitution provided the state has an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533-35 (1984) (holding negligent or intentional deprivation of property does not violate due process if state has meaningful post-deprivation remedy available). California has such a remedy. *See Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994) ("California Law provides an adequate post-deprivation remedy for any property deprivations. *See* Cal. Gov't Code §§ 810-895."); *City of Garden Grove v. Superior Court*, 157 Cal. App. 4th 355 (4th Dist. 2007). The fact that Plaintiff has been unsuccessful in regaining his property through this procedure does not change the analysis. Because California has a process for him to seek return of his property he may not sue under § 1983 for the return of the property or any loss resulting from the seizure. *Hudson*, 468 U.S. at 533-35. Plaintiff should not re-allege these claims in his Second Amended Complaint.

Although Plaintiff makes passing reference to the ADA in his FAC and raises conclusory allegations that Defendants discriminated against him in violation of the ADA, Plaintiff does not state any claim pursuant to the ADA against Defendants in their individual or official capacities. In order to establish a violation of Title II of the ADA, plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) *cert. denied*, 537 U.S. 1105 (2003). To the extent Plaintiff wishes to bring an ADA claim against Defendants in their individual capacities, he cannot. The proper defendant in such actions is the public entity responsible for the alleged discrimination. Nor can he bring a § 1983 action against Defendants based on allegedly discriminatory conduct under the ADA. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act.").

Plaintiff sues Warden Asuncion alleging that she failed to properly supervise her officers and allowed them to conceal their wrongdoings by failing to report violations of prison policies. Thus, it appears that Plaintiff is suing the warden solely because she is presumably responsible for the employees and prisoners at the prison. This, Plaintiff cannot do because there is no *respondeat superior* liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."). What this means is that the warden of a prison cannot be sued for civil rights violations caused by her subordinates unless she deliberately took some action, or failed to take some action, which caused or contributed to the violation. Plaintiff's failure to allege such a connection is fatal to his claims against the warden. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

For these reasons, the FAC is dismissed without prejudice. Plaintiff may file a Second Amended Complaint on the attached form **no later than December 27, 2018,** curing the defects the Court has pointed out here. In doing so, he is reminded to provide a short, plain, statement of his claims: what each Defendant did, what each one is being sued for, and a <u>brief</u> statement of the facts to support those claims. Plaintiff is warned that failure to timely abide by this Order may result in dismissal of the action.

O:\PJW\ECF Ready\MO_screening complaint.wpd

                                                                                                                                         : _____

Initials of Preparer    im